IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cr. No. 14-2563 MCA |
| | ) | |
| **MELVIN RUSSELL**, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION TO STRIKE DEFENDANT'S UNTIMELY**
**MOTION TO SUPPRESS STATEMENTS**

Pursuant to Rule 12(e) of the Federal Rules of Criminal Procedure, the United States moves the Court for an Order striking as untimely Defendant Melvin Russell's Motion to Suppress Statements, filed on May 19, 2016. In support of this motion, the United States submits the following:

Federal Rule of Criminal Procedure 12(b)(3) mandates that a motion to suppress be filed prior to trial. Pursuant to Rule 12(c), a district court may set a deadline by which parties must make all pre-trial motions, including motions to suppress. Rule 12(e) provides that a party's failure to comply with a court's pre-trial motion deadline with respect to a Rule 12(b)(3) defense, such as a motion to suppress, constitutes a waiver of the argument. *See* Fed. R. Crim. P. 12(e) ("A party waives any Rule 12(b)(3) defense, objection or request not raised by the deadline the court sets under Rule 12(c) or by any extension the court provides."). Once the deadline has passed, the court may grant relief from this waiver based upon a showing of good cause by the offender of this Rule. *Id.*; *United States v. White*, 584 F.3d 935, 948-49 (10th Cir. 2009). "Rule 12 only allows court to grant relief from the waiver for 'good cause'- not simply in the 'interests of justice.'" *United States v. Walden*, 625 F.3d 961, 966 (6th Cir. 2010). Even when a defendant

establishes good cause, a district court is not required to grant relief from the waiver. *Id.* at 967.

In accordance with Rule 12(c), this Court set a pre-trial motions deadline in this case of "Thirteen (13) working days before the Call of the Calendar." Doc. 17. The Court scheduled the Call of the Calendar on June 2, 2016. Doc. 58. Thirteen working days before June 2, 2016, is May 13, 2016. Defendant filed a Motion to Suppress Statements on May 19, 2016, nearly a week after the expiration of the deadline. Doc. 72. The Defendant did not move the Court to extend the deadline or seek leave to file the motion late. *See* Doc. 72. The Motion to Suppress makes no mention of its untimeliness nor makes any effort to establish that good cause exists to relieve Defendant from the constraints of Rule 12(e)'s waiver provision.

The United States is aware of no good cause for the untimely filing of the motion. Defendant's Motion to Suppress concerns the circumstances surrounding Defendant's polygraph examination and confession, both of which occurred on July 1, 2014. *See* Doc. 72. The United States provided discovery detailing the polygraph and confession to defense counsel on August 18, 2014. Defendant initiated efforts to retain an expert witness on the issue as far back as September of 2015. *See* Doc. 72. Yet, Defendant failed to provide meaningful material to his expert until April of 2016. *Id.* Defendant knew, or certainly should have known, of the Court's deadline. The Court provided ample notice. *See* Docs. 17 and 58. The filing of five pleadings by the United States on May 13th should have placed Defendant on notice of the pendency of the deadline. *See* Docs. 66-70. Accordingly, Defendant was aware well before the expiration of the motions deadline of the information on which his suppression motion is based. *See United States v. Salgado-Campos*, 442 F.3d 684, 686 (affirming finding that no good cause existed where defendant failed to "identify any discovery materials that were not made available" in a timely fashion to defense counsel). "A strategic decision by counsel not to pursue a claim, inadvertence

2

of one's own attorney, and an attorney's failure to timely consult with his client are all insufficient to establish 'cause.'" *United States v. Yousef*, 327 F.3d 56, 125 (2nd Cir. 2003).

The United States is not required to demonstrate prejudice resulting from the untimely filing.  As the Eighth Circuit explained in *United States v. Trobee*,

> The absence of prejudice or delay in the trial may be relevant to whether or not the district court is willing to grant relief, but those factors themselves do not require a finding of "good cause."  Courts have a legitimate interest in the enforcement of scheduling deadlines, both to manage a pending case and to retain the credibility of these deadlines in future cases.  See Fed. R. Crim. P. 12 advisory committee's notes on 2002 amendment (stating that Rule 12(c) was amended to "make it clear that judges should be encouraged to set deadlines for motions" because "doing so promotes more efficient case management").  The possibility that other parties and the court could accommodate a late-filed motion does not mandate that the court grant an exception to the deadline where the movant fails to make an adequate showing of good cause.

551 F.3d 835, 838 *8th Cir. 2009).  Nevertheless, the late filing of Defendant's motion does cause prejudice to the United States, particularly if the Court must continue the June 6, 2016, trial setting.  At a suppression hearing, it is the burden of the United States to establish that Defendant's confession was voluntary.  *United States v. Lopez*, 437 F.3d 1059, 1063 (10th Cir. 2006).  The allegations at issue are more than two years old.  *See* Doc. 1.  The alleged victim grows increasingly frustrated with the pace at which the case is progressing.  She deserves her day in court.  As time passes, it is natural for the memories of the United States' witnesses to fade.  Counsel for the United States agreed to several extensions, but would not have agreed to and did not agree to an extension of the June 6th trial and accompanying deadlines.  If Defendant needed more than the nearly two years of preparation time, then it was incumbent upon Defendant to file a motion seeking another extension of time in advance of the expiration of the deadline.  This would have permitted the United States a chance to litigate the issue, and the Court an opportunity to schedule the matter.  Defendant did not request this extension until after

filing his motion to suppress.  Now, Defendant insists upon litigating a complex issue in a limited timeframe, forcing the Court to choose between prejudicing the United States with another extension or denying an untimely motion from the Defendant.

Abundant authority from the Tenth Circuit and others supports the denial of an untimely motion to suppress where defendant has not demonstrated good cause for the belated filing.  See *United States v. Valadez-Camarena*, 402 F.3d 1259, 1261 (10th Cir. 2005) (affirming district court's bar of an untimely pretrial motion where defendant "never asserted good cause to excuse his waiver"); *United States v. Gonzales*, 229 Fed. Appx. 721, 725 (10th Cir. 2007) (unpublished) (affirming denial of a defendant's untimely motion to suppress pursuant to Rule 12(e)); Walden, 625 F.3d at 966 (same); *United States v. Trobee*, 551 F.3d 835, 838 (8th Cir. 2009) (same); *United States v. Kopp*, 562 F.3d 141, 143 (2nd Cir. 2009) (same); *United States v. Garcia*, 528 F.3d 481, 484-85 (7th Cir. 2008) (same); *United States v. Lugo Guerrero*, 524 F.3d 5, 11 (1st Cir. 2008) (same); *United States v. Sobin*, 56 F.3d 1423, 1427 (D.C. Cir. 1995) (same, under former Rule 12(f)); *United States v. Torres*, 908 F.2d 1417, 1424 (9th Cir. 1990) (same). Further, "[o]nly in a case of the most flagrant abuse will a court of appeals review a trial court's discretionary denial of a motion to suppress as untimely."  *United States v. Francis*, 646 F.2d 251, 260 (6th Cir. 1981).  This Court has ample support to grant the United States' motion in this case.

For the above state reasons, the United States respectfully requests the Court issue an order striking Defendant's Motion to Suppress Statements as untimely.

                    Respectfully submitted,

                    DAMON P. MARTINEZ
                    United States Attorney

                    ***Electronically filed on May 25, 2016***
                    JOSEPH M. SPINDLE
                    KYLE T NAYBACK
                    Assistant United States Attorney
                    Post Office Box 607
                    Albuquerque, New Mexico 87103
                    (505) 346-7274

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will cause a copy of this filing to be sent to counsel for Defendant.

*/s/*
JOSEPH M. SPINDLE
Assistant United States Attorney