# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MELVIN RUSSELL,

    Defendant.

No. 1:14-cr-02563-PJK-1

# ORDER ON STATUS CONFERENCE of FEBRUARY 8, 2018

THIS MATTER came on for consideration of a status conference held to address all pending motions. Counsel were notified and given the opportunity to present any additional evidence or argument about the proposed testimony of SANE Nurse Susan Eldred. ECF No. 176. Upon consideration thereof:

A. <u>Reserve Entirely.</u> The court will reserve ruling on the following motions until the trial (given proper objection) and will now terminate these motions. Counsel are reminded of the importance of timely objections and offers of proof at trial. Fed. R. Evid. 103(a):

    (1) Defendant Melvin Russell's First Motion *In Limine* to Exclude Testimony of SANE Nurse Examiner Susan Eldred filed December 12, 2016. ECF No. 107.

(2) Defendant Melvin Russell's Second Motion *In Limine* to Exclude Testimony of Susan Eldred, and/or, in the Alternative, for a *Daubert* Hearing Concerning the Same filed December 12, 2016.  ECF No. 109.

(3)  Defendant's Motion to Strike Notice of Intent to Introduce Prior Sexual Assault Evidence Pursuant to Federal Rules of Evidence 404(b) and 413 (Doc. 68) and to Exclude Prior Bad Acts Evidence filed June 14, 2017.  ECF No. 146.

(4) Defendant's Motion for More Definite Statement of Proposed Other Acts Evidence filed December 12, 2016.  ECF No. 106.  The court is inclined to deny this motion, but will reserve.

B.  <u>Grant in Part and Reserve in Part.</u>  The court grants in part and reserves in part on the following motion and will terminate it:

(1) United States's Motion *In Limine* filed May 13, 2016.  ECF No. 66.   The court grants the government's motion to prohibit mention before the jury of pretrial rulings (Item No. 2 at 2–3) and plea negotiations (Item No. 3 at 3).  Counsel should inform any potential witnesses of such a prohibition if there is a likelihood that such matters might be mentioned.  In all other respects, the motion is reserved for trial given proper objection.

C.  <u>Deny.</u>   The following motion is denied and this constitutes a final ruling on the issue.

(1) Defendant Melvin Russell's Motion to Preserve Right to Jury Trial filed December 12, 2016. ECF No. 105. Mr. Russell's motion proposes changes to various pattern jury instructions that would instruct the jury on its power to nullify and inform the jury of sentencing ramifications that would follow a guilty verdict. This is not supported by existing law. See United States v. Rith, 164 F.3d 1323, 1338 (10th Cir. 1999) ("To the extent the defendant[] . . . seeks to require courts to facilitate jury nullification, the law is clear: a criminal defendant is not entitled to have the jury instructed that it can, despite finding the defendant guilty beyond a reasonable doubt, disregard the law."); see also Shannon v. United States, 512 U.S. 573, 579 (1994) ("It is well established that when a jury has no sentencing function, it should be admonished to 'reach its verdict without regard to what sentence might be imposed.'" (footnote omitted) (quoting Rogers v. United States, 422 U.S. 35, 40 (1975))).

D. Deny as Moot. The following motions are now moot (the parties have resolved the underlying discovery issues) and will be denied as moot.

(1) Defendant Melvin Russell's Motion to Compel Production of Discovery Related to Newly Disclosed DNA Laboratory Report filed June 16, 2017. ECF No. 147.

(2) Defendant Melvin Russell's Motion for Production of Polygraph Discovery filed September 25, 2015. ECF No. 40.

E. Trial Preparation Deadlines. The parties should submit the following by Wednesday, February 28, 2018.

(1) Any proposed jury instructions and verdict forms after making a good faith effort to agree to what is submitted. The government has already submitted proposed jury instructions but may supplement. ECF No. 84.

(2) Revised witness lists after making an effort to avoid duplication. The parties have previously submitted trial witness lists. ECF Nos. 67, 151.

(3) Any revised trial exhibit list after making an effort to avoid duplication and cumulative exhibits. The parties have previously submitted trial exhibit lists. ECF Nos. 70, 150.

(4) Stipulations. At the status conference, the parties indicated ongoing discussions regarding stipulations concerning the jurisdictional elements, chain-of-custody vis-à-vis the DNA evidence, and qualifications of medical witnesses.

F. <u>Polygraph exam.</u> The court will order the parties and their counsel, and all witnesses to refrain from asking any question, introducing any evidence, or making any statement or argument that, either directly or indirectly, mentions the term "polygraph" or its synonyms, or suggests that such an exam occurred. Potential witnesses should be instructed of this limitation prior to trial.

IT IS SO ORDERED.

DATED this <u>9th</u> day of February 2018, at Santa Fe, New Mexico.

*Paul Kelly Jr.*
United States Circuit Judge
Sitting by Designation