# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MELVIN RUSSELL,

    Defendant.

No. 1:14-cr-02563-PJK-1

# ORDER

THIS MATTER came on for consideration of the upcoming February 28, 2018, deadline for the parties to submit jury instructions and other trial materials. Upon consideration thereof, and the parties' written submissions, the court will inform the parties of two rulings. Counsel are reminded of the importance of timely objections and offers of proof at trial. See Fed. R. Evid. 103(a).

    A. <u>SANE Nurse Susan Eldred</u>

The court anticipates that SANE Nurse Eldred will testify that a SANE examination is a focused exam for the purpose of medical treatment after a sexual assault. ECF No. 178, at 41. Regarding Mr. Russell's motions in limine to exclude the testimony of SANE Nurse Susan Eldred (ECF Nos. 107, 109), Ms. Eldred may testify as to her own observations of the alleged victim and statements made by the alleged victim for medical

diagnosis and treatment.  See Fed. R. Evid. 401, 403, 803(4).  The nurse may also testify as to her experience, training, and education.  See Fed. R. Evid. 702.  Assuming the nurse is qualified as an expert, the government proposes to ask two questions:

- "Based upon your examination of the victim in this matter, did her injuries appear consistent with her account?"
- If the nurse answers in the affirmative, "Why do you believe that?"

The court will allow this limited line of questioning finding that Nurse Eldred's testimony is relevant and sufficiently reliable to warrant admissibility based upon her experience and training as (1) a nurse and (2) a SANE nurse.  Mr. Russell may question Nurse Eldred about the limitations of a SANE exam.  To the extent that Ms. Eldred testifies that the injuries are consistent with the alleged victim's account of non-consensual sex, Mr. Russell's counsel certainly can inquire whether the injuries could also be consistent with consensual sex.  Ms. Eldred may not testify as to whether a sexual assault or rape occurred or in any way vouch for the credibility of the alleged victim.  See United States v. Charley, 189 F.3d 1251, 1265–68 (10th Cir. 1999).

B.  Prior Sexual Assault Evidence

Regarding Mr. Russell's motions for a more definite statement, to strike, and to exclude other acts evidence (ECF Nos. 106, 146), the government may introduce evidence of Mr. Russell's prior conviction for aggravated sexual abuse by force or threat in United States v. Russell, 1:02-cr-00043-WJ-1 (D.N.M. Aug. 29, 2002), ECF No. 19 (Information), ECF No. 45 (Judgment).

Rule 413 permits the consideration of other sexual-assault evidence on any relevant matter where, as here, a defendant is accused of a sexual-assault offense and the court makes a preliminary finding that the other sexual assault occurred. United States v. Willis, 826 F.3d 1265, 1271 (10th Cir. 2016); United States v. Enjady, 134 F.3d 1427, 1433 (10th Cir. 1998). Such evidence must also be admissible under Rule 403, which requires balancing multiple factors. See Willis, 826 F.3d at 1273; Enjady, 134 F.3d at 1433. At this point, most of these factors weigh in favor of admissibility: the prior act is clearly proved, the prior act and charged conduct are very similar, and whether Mr. Russell used force to cause another person to engage in a sexual act is seriously disputed in the instant case. Additionally, the prejudicial dangers are low: a jury instruction can reduce the likelihood that the evidence will contribute to an improperly based jury verdict, and the introduction of Mr. Russell's previous conviction is unlikely to distract from the central issues of the trial or consume very much time. Some factors weigh against admissibility: the government has other evidence to support its case, and more than 12 years passed between the prior sexual assault and the charged conduct. But overall, the risks of prejudice do not substantially outweigh the probative value of the evidence.

The court also finds that the government has complied with Rule 413(b)'s notice requirement and rejects Mr. Russell's contention that the notice is insufficient. The notice provided in Doc. 68 is more than enough to protect against surprise and allow

adequate time to investigate and prepare cross-examination. See Enjady, 134 F.3d at 1433.

Counsel may submit any necessary instructions occasioned by these rulings.

IT IS SO ORDERED.

DATED this 23rd day of February 2018 at Santa Fe, New Mexico.

*Paul Kelly Jr.*
United States Circuit Judge
Sitting by Designation