# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MELVIN RUSSELL,

    Defendant.

No. 1:14-cr-02563-PJK-1

## ORDER ON DEFENDANT'S MOTIONS IN LIMINE

THIS MATTER came on for consideration of Defendant Melvin Russell's pending Opposed Motions in Limine filed April 16, 2018. Given the pendency of trial and the straightforward nature of the issues, the court will rule based upon the motions and responses; replies are unnecessary. Upon consideration thereof,

(1) Defendant's Motion in Limine to Prohibit Reference to Rule 413 Evidence Prior to Determination as to Admissibility filed April 16, 2018, (ECF No 198) should be denied. The court previously ruled that "the government may introduce evidence of Mr. Russell's prior conviction for aggravated sexual abuse by force or threat" after considering Rule 413 and Rule 403. ECF No. 183, at 2. Nothing contained in the instant motion persuades the court that the ruling is incorrect.

(2) Defendant's Motion in Limine to Exclude Misleading and Incomplete

Government's Proposed Exhibit 27 filed April 16, 2018, (ECF No. 199) should be denied. Exhibit 27 is a five-minute video excerpt of a longer interview with Mr. Russell and three FBI agents. The agents are not visible in the tape, but their voices can be clearly heard.

    Mr. Russell argues that the government has omitted "key portions that explain the statements in Proposed Exhibit 27," ECF No. 199, at 5, and so the exhibit is misleading under Fed. R. Evid. 106. Rule 106 provides that when a party introduces part of a "recorded statement, an adverse party may require the introduction, at that time, of any other part . . . that in fairness ought to be considered at the same time." Rule 106 is generally one of inclusion, but Mr. Russell is not requesting the entire interview to be admitted into evidence. This court previously admonished the parties to "refrain from asking any question, introducing any evidence, or making any statement or argument that, either directly or indirectly, mentions the term 'polygraph' or its synonyms, or suggests that such an exam occurred." ECF No. 181, at 4. Though agreeing with this ruling, Mr. Russell argues that it is impossible to <u>both</u> have a complete interview and refrain from mentioning the polygraph because "the Government's agents chose to conduct an interrogation in such a manner that the portions necessary to explain and contextualize the small segment offered by the Government necessarily include overt and implicit references to the polygraph examination." ECF No. 199, at 6.

    Mr. Russell's argument is that the excerpt implies that he immediately recollected committing a crime and misleads the jury into believing that the admission was not

coerced. The court previously denied a motion to suppress the confession after concluding that the government had met its burden of showing voluntariness by a preponderance of the evidence. See ECF No. 103, at 14. In reality, Mr. Russell is asking this court to exclude the evidence on the grounds that it would be unfair to require him to choose completeness at the risk of inserting the polygraph exam into the trial. Exclusion of evidence is generally governed by Fed. R. Evid. 403's balancing test: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." See United States v. Lopez-Medina, 596 F.3d 716, 736 (10th Cir. 2010) ("The rule of completeness connects with Rule 403 of the Rules of Evidence.").

The video excerpt is relevant and highly probative, and its probative value is not substantially outweighed by a danger of unfair prejudice or misleading the jury. Admittedly, the video only shows Mr. Russell and not the agents (only their voices can be heard). However, the questions being asked and Mr. Russell's answers are clear. The video includes an admission by Mr. Russell concerning the offense charged. (FBI Agent: "Did you rape [Jane Doe]?"; Mr. Russell: "Yes.") The court is not persuaded that Mr. Russell faces an untenable choice that requires exclusion.

(3) Defendant's Motion in Limine to Exclude Government's Proposed Exhibit 27 as Impermissible Hearsay filed April 16, 2018, (ECF No. 200) should be denied. Hearsay is defined as a statement that "the declarant does not make while testifying at the

current trial or hearing" and "a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801. Again, Exhibit 27 is a five-minute video excerpt of an interview of Mr. Russell by three FBI agents. Mr. Russell argues that during the video, one of the agents, Agent Sullivan, repeated statements from other witnesses and that Agent Sullivan made "direct accusatory statements," ECF No. 200, at 2, to Mr. Russell.

The government correctly argues that Agent Sullivan's statements are not hearsay. The statements are offered to show their effect on the listener (Mr. Russell), not for the truth of the matter asserted. See United States v. Farley, 992 F.2d 1122, 1125 (10th Cir. 1993). Agent Sullivan's statements contextualize Mr. Russell's answers. See United States v. Gajo, 290 F.3d 922, 930 (7th Cir.2002) ("[S]tatements are not hearsay to the extent they are offered for context and not for the truth of the matter asserted.").

Mr. Russell also briefly argues that his Confrontation Clause rights are being violated because he will not have a chance to cross-examine Agent Sullivan. However, because the statements are not offered for the truth of the matter asserted, they do not raise Confrontation Clause issues. United States v. Pablo, 696 F.3d 1280, 1287 (10th Cir. 2012).

(4) Defendant's Motion in Limine to Preclude Government from Placing Exhibit 9 in View of the Jury Prior to a Determination as to Admissibility filed April 16, 2018, (ECF No. 201) should be denied as moot. The government has responded (ECF No. 207)

that it will "not display exhibit 9 to the jury prior to presenting it to the witness who will testify as to the foundation for its admission."

(5) Defendant's Motion in Limine to Preclude Government from Presenting to the Jury an Argument or Implication That Any Sexual Acts Not Specified in the Charging Document May Be a Basis for a Guilty Verdict filed April 16, 2018, (ECF No. 202) should be denied as moot. The government has responded (ECF No. 206) that it "does not intend to argue unindicted contact fulfills the element of a sexual act." The government does intend to argue that "Defendant's sexual aggressiveness the evening of the rape is consistent with his subsequent contact." Of course, the parties are free to object at trial as evidence is proffered.

NOW, THEREFORE, IT IS SO ORDERED that:

(1) Defendant's Motion in Limine to Prohibit Reference to Rule 413 Evidence Prior to Determination as to Admissibility filed April 16, 2018, (ECF No. 198) is denied.

(2) Defendant's Motion in Limine to Exclude Misleading and Incomplete Government's Proposed Exhibit 27 filed April 16, 2018, (ECF No. 199) is denied.

(3) Defendant's Motion in Limine to Exclude Government's Proposed Exhibit 27 as Impermissible Hearsay filed April 16, 2018, (ECF No. 200) is denied.

(4) Defendant's Motion in Limine to Preclude Government from Placing Exhibit 9 in View of the Jury Prior to a Determination as to Admissibility filed April 16, 2018, (ECF No. 201) is denied as moot.

(5) Defendant's Motion in Limine to Preclude Government from Presenting to the Jury an Argument or Implication That Any Sexual Acts Not Specified in the Charging Document May Be a Basis for a Guilty Verdict filed April 16, 2018, (ECF No. 202) is denied as moot.

DATED this 26th day of April 2018 at Santa Fe, New Mexico.

*Paul Kelly, Jr.*
United States Circuit Judge
Sitting by Designation