# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MELVIN RUSSELL,

    Defendant.

No. 1:14-cr-02563-PJK-1

# ORDER ON GOVERNMENT'S SEALED MOTIONS IN LIMINE

THIS MATTER came on for consideration of the government's sealed second and third motions in limine. Upon consideration thereof,

(1) The Sealed United States' Second Motion in Limine filed April 16, 2018, (ECF No. 196) to prohibit (1) admission of Defendant's Exhibit regarding the US Y-STR Database summary (see ECF No. 188, Ex. 41), and (2) evidence regarding the victim's medical history as it relates to alcohol use, should be granted in part and the court will reserve in part. Exclusion of evidence is governed by Fed. R. Evid. 403's balancing test: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." The government argues that Defendant's exhibit is inadmissible

hearsay, unreliable, and is merely used as an attempt to confuse and mislead the jury. Specifically, Mr. Russell is attempting to introduce what appears to be a screenshot of the US Y-STR database that shows that Mr. Russell's "haplotype is found in 0 of 22 Native American individuals, so the estimated frequency in the Native American population is 0.000000." ECF No. 196, at 1.

The court has previously ruled on the admissibility and reliability of the government's use of the US Y-STR database. See ECF No. 170. Mr. Russell argued in that motion that the government's "Y-STR results are inherently unreliable because they are based on a database of 'Native Americans' that is an agglomeration of people from an unknown number of tribes." ECF No. 170, at 19. The court disagreed, finding that the government had met its burden "to demonstrate that the US Y-STR database and comparison of a match against the database of all Native American profiles in the database" had been "tested and validated" and had "considerable reliab[ility] amongst experts in the field, and hence is reliable under Daubert." ECF No. 170, at 23. Furthermore, the court ruled that the government had "sufficiently demonstrated that the formula used to calculate the confidence interval is reliable." ECF No. 170, at 24.

Mr. Russell now wants to admit this separate US Y-STR evidence to try to similarly show that the government's use of the database is flawed because "the Native American category combines vastly different sub-populations, many without common ancestry." ECF No. 209, at 3. Given the court's prior ruling and the concerns the court has about the generation of this document, the court will grant the motion: any probative

value it may have is substantially outweighed by the fact that it would mislead and confuse the jury.

The court will reserve ruling on the admissibility of testimony regarding the victim's history of alcohol abuse but does note that Mr. Russell disclaims any intention to introduce character evidence. ECF No. 209, at 4.

(2) The Sealed United States' Third Motion in Limine to Bar Evidence Under Rule 412 filed April 16, 2018 (ECF No. 197) should be deferred until the court holds its Rule 412 hearing. Subsequent to the filing of the government's motion, Mr. Russell filed a Rule 412 Motion arguing that Rule 412 is unconstitutional and notifying the government and the alleged victim of his intent to introduce evidence under Fed. R. Evid. 412(b)(1)(A)–(C). ECF No. 208. In accordance with Fed. R. Evid. 412(c)(2), the court will hold an in camera hearing on the motion giving the parties and the alleged victim a right to attend and be heard on Friday, May 4, 2018, at call of the calendar previously scheduled. The parties should inform the alleged victim of her right to attend and be heard.

NOW, THEREFORE, IT IS SO ORDERED that:

(1) The Sealed United States' Second Motion in Limine filed April 16, 2018 (ECF No. 196) is granted insofar as the exclusion of Defendant's exhibit concerning the US Y-STR Database summary, and reserved as to the victim's medical history as it relates to alcohol use.

(2) The Sealed United States' Third Motion in Limine to Bar Evidence Under

Rule 412 filed April 16, 2018, (ECF No. 197) will be deferred until the court holds a Rule 412 hearing.

(3) The parties should notify the alleged victim of her right to attend and be heard at an in camera hearing on Friday, May 4, 2018, at 10:00 a.m. in Albuquerque (333 Lomas Blvd. NW) — 340 Pecos Courtroom.

DATED this 1st day of May 2018 at Santa Fe, New Mexico.

*Paul Kelly, Jr.*
United States Circuit Judge
Sitting by Designation