# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MELVIN RUSSELL,

    Defendant.

No. 1:14-cr-02563-PJK-1

## ORDER ON DEFENDANT'S RULE 412 MOTION

THIS MATTER came on for consideration of Defendant's Rule 412 Motion filed April 23, 2018, (ECF No. 208) and the court heard argument from the parties in accordance with Rule 412(c)(2) on May 4, 2018. Upon consideration thereof, the Motion is not well taken and should be denied.

The court considered Mr. Russell's proffer under Fed. R. Evid. 412(b)(1)(A)–(C). Although not argued at the hearing, Mr. Russell also argues that the procedure required by Rule 412 is unconstitutional and violates due process, the right against self-incrimination, and the right to counsel as outlined in the Fifth and Sixth Amendments. ECF No. 208, at 1. He maintains that Rule 412 penalizes him by making him provide the government with attorney work-product including his trial strategy. The court finds no authority supporting the proposition; the case relied upon, <u>Spevack v. Klein</u>, 385 U.S.

511 (1967), held that disbarring a lawyer for the mere invocation of the Fifth Amendment privilege against self-incrimination was unconstitutional. Here, Mr. Russell is free to pursue his trial strategy, but he must do it with relevant and admissible evidence. Just as a court may place reasonable limits on cross-examination, so too may it apply procedures to ensure that the concerns of Rule 412 are satisfied. See United States v. Torres, 937 F.2d 1469, 1473 (9th Cir. 1991). Moreover, Rule 412 expressly allows admissibility when exclusion would compromise constitutional rights, Fed. R. Evid. 412(b)(1)(C), so the court finds no basis for concluding that the procedure itself violates his constitutional rights.

Mr. Russell seeks to admit evidence that the alleged victim had vaginal intercourse with someone other than Mr. Russell within five days of the incident in question. He suggests that someone else could be responsible for her injuries, particularly given her medical condition. Fed. R. Evid. 412(b)(1)(A). He also seeks to admit evidence that he had consensual sex with the alleged victim one month prior to the incident in question, ostensibly to demonstrate later consent. Fed. R. Evid. 412(b)(1)(B). He also contends that his proposed evidence satisfies Rule 412(b)(1)(C) which allows admission of specific instances of sexual behavior when exclusion would violate his constitutional rights. As became clear at the hearing, Mr. Russell also seeks to admit as impeachment evidence the alleged victim's initial statement to the SANE nurse that she had consensual sex within five days of the alleged sexual assault, in contrast to her current position that she does not remember. Rule 412 plainly applies to cross-examination of the alleged victim about past

sexual behavior.  Torres, 937 F.2d at 1472–73; see also Fed. R. Evid. 412 advisory committee's note to 1994 amendment (noting that Rule 412 bars "evidence relating to the alleged victim's sexual behavior or alleged sexual predisposition, <u>whether offered as substantive evidence or for impeachment</u>." (emphasis added)).

Based on the record to date, Mr. Russell has brought no specific evidence to the court's attention tending to show that someone else was responsible for the alleged victim's injuries or that the prior sexual encounter was in any way violent or rough.  Fed. R. Evid. 412(c)(1)(A).  The SANE nurse indicated that the injuries suggest violent or rough sex, and no evidence suggests otherwise.  The defendant's "proffered evidence bears no adequate connection" to the injuries or events in this case.  See United States v. Pablo, 696 F.3d 1280, 1299 (10th Cir. 2012) (upholding exclusion where the evidence bears "only a speculative and tenuous relationship" to the claim that others may have caused the injuries).  In short, the proffer comes up short, and after considering the alternative bases urged, Fed. R. Evid. 412(b)(1)(A), (C), the court concludes that exclusion is warranted.

Mr. Russell is correct that under Fed. R. Evid. 412(b)(1)(B), the court may admit evidence of his prior sexual encounter with the alleged victim if offered to prove consent. The government disputes that the prior sexual encounter was consensual, ECF No. 217, at 7, and for that reason as well as the tenuous connection between the prior sexual encounter and this alleged sexual assault (there is no evidence of bruising or physical trauma in the prior sexual encounter like there is in the present case), it seems dubious

that the evidence would fall under 412's exception.  See United States v. Pumpkin Seed, 572 F.3d 552, 560 (8th Cir. 2009).  However, assuming that the evidence would cross 412's barrier, the court must still conduct a Rule 403 balancing test to determine admissibility.  See United States v. Powell, 226 F.3d 1181, 1198 (10th Cir. 2000).  The court finds that having (disputed) consensual sex once one month prior contains very little probative value to the issues presented.  As mentioned above, no evidence has been presented that the prior sexual encounter resulted in injuries or bruising as in the present case, making the connection between the two encounters dubious.  Indeed, Mr. Russell's varying characterization of his conduct for the present case toward the alleged victim ranges from denial to lack of memory to rape, and now consent.  Finally, the evidence that the prior sexual encounter was consensual is thin at best.  The court finds that this evidence would be unfairly prejudicial, confuse and mislead the jury, and be a waste of time.  These dangers substantially outweigh any probative value the evidence has and so the evidence should be excluded.

Insofar as impeaching the alleged victim with her prior statement about consensual intercourse, the court believes this evidence should be excluded under Rule 412 because it does not fall into any of the exceptions.  See United States v. Withorn, 204 F.3d 790, 795 (8th Cir. 2000) ("[I]mpeaching the victim's truthfulness and showing her capability to fabricate a story 'are not recognized exceptions to Rule 412.'" (quoting United States v. White Buffalo, 84 F.3d 1052, 1054 (8th Cir.1996))).  Furthermore, the court is persuaded that the probative value is minimal given the circumstances of this alleged

offense. See United States v. Azure, 845 F.2d 1503, 1506 (8th Cir. 1988). The exclusion of such evidence is not arbitrary or disproportionate given the purposes which Rule 412 is designed to serve. See Pumpkin Seed, 572 F.3d at 560.

 NOW, THEREFORE, IT IS SO ORDERED that Defendant's Rule 412 Motion filed April 23, 2018, (ECF No. 208) is denied.

 DATED this 6th day of May 2018 at Santa Fe, New Mexico.

           *Paul Kelly, Jr.*
           United States Circuit Judge
           Sitting by Designation